IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MICHAEL ANTHONY DAVIS,<br>　　　Petitioner, | §<br>§<br>§ | |
| VS. | § | Civil Action No. 4:14-CV-078-Y |
| | § | |
| RODNEY W. CHANDLER, Warden,[1]<br>FCI-Fort Worth,<br>　　　Respondent. | §<br>§<br>§ | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

#### B. PARTIES

Petitioner Michael Anthony Davis, Reg. No. 33896-177, is a federal prisoner incarcerated in the Federal Correctional Institution in Fort Worth, Texas (FCI-Fort Worth).

---

[1] Petitioner designates Judge Terry R. Means as Respondent, however in a habeas corpus proceeding under § 2241, the correct respondent is the petitioner's immediate custodian, which is typically the warden of the facility where a petitioner is being held. *See Rumsfeld v. Padilla*, 542 U.S. 426 (2004). Thus, the clerk of court is directed to docket and change the designation of the respondent to reflect Rodney W. Chandler, Warden, FCI-Fort Worth, as Respondent.

Respondent Rodney W. Chandler is Warden of FCI-Fort Worth, Texas. No service has issued upon respondent.

## C. PROCEDURAL HISTORY

Petitioner is serving concurrent 360-month terms of imprisonment on his 2005 convictions for conspiracy to possess and distribute crack cocaine and distribution of crack cocaine and aiding and abetting in this court. *United States v. Davis*, Criminal Docket No. 4:05-CR-111-Y-2. Petitioner appealed his convictions and sentences and has filed numerous motions for postconviction relief, including numerous § 2255 motions, or motions construed as such, and § 3582(c)(2) motions for reduction of his sentences, all to no avail. (Pet. at 4) *Id.* In addition, petitioner has filed two prior habeas petitions under § 2241 challenging the same convictions and/or sentences and raising one or more of the same claims presented in the instant petition. The prior petitions were dismissed, the most recent on January 23, 2014, for lack of jurisdiction based on petitioner's failure to satisfy the requirements of the so-called "savings clause" in § 2255(e).[2] *Davis v. Chandler*, Civil Action Nos. 4:13-CV-439-Y & 4:13-CV-088-Y; 28 U.S.C. § 2255(e). This petition was received by the clerk of court for filing on February 3, 2014.

Petitioner asserts that "he is actual[ly] innocent of the superseding indictment because he was not arraigned on the four count superseded, and the superseded indictment was not open by any order by the judge" and because "he was not found guilty by the jury . . . on two counts of a four count superceded." (Pet. at 2) He also asserts, among other things, that his sentences are more severe than that prescribed when the crime was committed in violation of the Ex Post Facto Clause, that "the jury charge, as a whole, misled the judge as to the elements of the offense in the original indictment,"

---

[2]The undersigned takes judicial notice of the pleadings and documentary exhibits in petitioner's criminal case as well as his previously filed motions and habeas actions.

2

and that the court had jurisdiction to "enter judgment upon the merits of the indictment, such as dismissing the indictment on the ground that it does not allege facts showing that the defendant committed the charged offense." (Pet. at 2-3)

The undersigned finds that this third habeas petition under § 2241 challenging petitioner's 2005 convictions and sentences in Case Number 4:05-CR-111-Y is an abuse of the writ. *See Davis v. Fetchel,* 150 F.3d 486, 490-91 (5th Cir. 1998) (finding third § 2241 petition constituted an abuse of the writ); *Falcetta v. U.S.,* 403 F. App'x 882, 883 (5th Cir. 2010) (finding to the extent inmate's § 2241 petition raises issues already decided it is an abuse of the writ); *Jennings v. Menifee,* 214 F. App'x 406, 407 (5th Cir. 2007) (affirming dismissal of federal inmate's repetitive § 2241 petition as an abuse of the writ); *see also Williams v. Whitley,* 994 F.2d 226, 231 (5th Cir. 1993) (noting that it is "entirely proper" for the district court to *sua sponte* raise the issue of a repetitive petition or abuse of the writ).

D. DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and 28 U.S.C. § 2243 both authorize a habeas corpus petition to be summarily dismissed.[3] The Court

---

[3]Section 2243, governing applications for writ of habeas corpus, provides:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).

Rule 4 of the Rules Governing Section 2254 Cases provides:

> The original petition shall be promptly presented to a judge of the district court in accordance with the procedure of the court for the assignment of its

(continued...)

of Appeals for the Fifth Circuit recognizes a district court's authority under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999).

Petitioner has been previously advised that a habeas petition under § 2241 is generally used to challenge the manner in which a sentence is executed and a § 2255 motion is the primary means under which a federal prisoner may collaterally attack the legality of a conviction or sentence. *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). A § 2241 petition attacking a federal conviction or sentence may only be considered if the petitioner establishes that the remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). In order to meet this burden, a petitioner must show that (1) his claim is based on a retroactively applicable Supreme Court decision, (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion, and (3) that retroactively applicable decision establishes that he may have been convicted of a nonexistent offense. *Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010); *Reyes-Requena*, 243 F.3d at 904. It is clear that petitioner cannot meet the three requirements from the face of the petition. He cites to no retroactively applicable Supreme Court decision that establishes he may have been convicted of nonexistent offenses nor were his claims foreclosed by Fifth Circuit law at the time of his trial, appeal or first § 2255 motion.

---

[3](...continued)
business. The petition shall be examined promptly by the judge to whom it is assigned. *If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.*

Rules Governing Section 2254 Cases, Rule 4 (emphasis added).

Federal courts have inherent authority "to protect the efficient and orderly administration of justice and . . . to command respect for [its] orders, judgments, procedures, and authority." *In re Stone,* 986 F.2d 898, 902 (5th Cir. 1993). Included in such power is the authority to levy sanctions in response to abusive litigation practices. *Id.* Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims and can include restrictions on the ability to file future lawsuits without leave of court and monetary sanctions. *See* Fed. R. Civ. P. 11; *Baum v. Blue Moon Ventures, LLC,* 513 F.3d 181, 189 (5th Cir. 2008); *Mendoza v. Lynaugh,* 989 F.2d 191, 195-97 (5th Cir. 1993).

Based on petitioner's history of repetitive and frivolous filings, sanctions are appropriate. In fact, petitioner was warned by the court in his most recent § 2255 motion--

> that the filing of any other successive challenge to his conviction or sentence, without first obtaining–and providing to this Court–an authorization from the United States Court of Appeals for the Fifth Circuit, may result in the imposition of sanctions, including a monetary penalties [sic], a bar to filing any further motions or lawsuits, or other or [sic] impediments.

*United States v. Davis,* Criminal Docket No. 4:05-CR-111-Y-2, doc. no. 318.

## II. RECOMMENDATION

Based on the foregoing, it is recommended that petitioner's petition for habeas relief under § 2241 be DISMISSED as an abuse of the writ and that sanctions be imposed upon petitioner. Petitioner's application to proceed in forma pauperis is DENIED.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1);

Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until February 27, 2014. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until February 27, 2014, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED February 6, 2014.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE