IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

```
MICHAEL ANTHONY DAVIS,            §
(BOP No. 33896-177)               §
     Petitioner,                  §
                                  §
VS.                               §   CIVIL ACTION NO.4:14-CV-078-Y
                                  §
RODNEY W. CHANDLER, Warden,       §
FCI-Fort Worth,                   §
     Respondent.                  §
```

ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS,
DISMISSING PETITION UNDER § 2241 AS AN ABUSE OF THE WRIT and,
IMPOSING SANCTIONS ON MICHAEL ANTHONY DAVIS

In this action brought by petitioner Michael Anthony Davis under 28 U.S.C. § 2241, the Court has made an independent review of the following matters in the above-styled and numbered cause:

1. The pleadings and record;

2. The proposed findings, conclusions, and recommendation of the United States magistrate judge filed on February 6, 2014;

3. The petitioner's written objections to the proposed findings, conclusions, and recommendation of the United States magistrate judge filed on February 14, 2014.

The Court, after **de novo** review, concludes that the Petitioner's objections must be overruled, that the petition for writ of habeas corpus under 28 U.S.C. § 2241 should be dismissed as an abuse of the writ and that Davis should be sanctioned, for the reasons stated in the magistrate judge's findings and conclusions, and as set forth herein.

The Court notes, as listed in the magistrate judge's report, this action is now the third petition for relief under 28 U.S.C. § 2241 filed by Davis purporting to raise challenges to his conviction in this Court in *United States v. Davis*, No. 4:05-CR-111-Y(2).

The first petition was dismissed for lack of jurisdiction on May 21, 2013. *Davis v. Chandler,* No.4:13-CV-088-Y (N.D. Tex. May 21, 2013.) The next case was filed just eight days later, and it raised some of the same or similar grounds asserted before. It too, was dismissed for lack of jurisdiction by order and judgment of January 23, 2014, in which this Court warned Davis of the possibility of sanctions if he filed another 2241 petition. *Davis V. Chandler,* No. 4:13-CV-439-Y  (N.D. Tex. January 23, 2014).

These cases were all filed after Davis's extensive post-judgment history in this Court, including at least ten other post-judgment motions contesting his conviction and sentence. After this Court denied his original motion for relief under § 2255, *Davis v. United States,* No.4:07-CV-749-Y, Davis has filed several successive motions under § 2255,[1] for which he has never obtained authorization from the court of appeals. In the Court's resolution of the most recent of these motions, this Court warned Davis that if he filed any other challenge to his conviction and sentence without providing authorization from the court of appeals, he could be subject to sanctions. *Davis v. United States,* No.4:14-CV-059-Y (4:05-CR-111-Y)(N.D. Tex. January 28, 2014).

Undeterred by these warnings, Davis filed yet another petition under 28 U.S.C. § 2241, just a few days after the entry of the

---

[1] These motions were assigned civil case numbers 4:09-CV-070-Y, 4:09-CV-555-Y, 4:09-CV-741-Y, 4:09-CV-761-Y, 4:11-CV-667-Y, 4:12-CV-086-Y, and 4:14-CV-059-Y.

orders warning him of the possibility of the imposition of sanctions.

In his findings and conclusions as to Davis's latest petition under § 2241, the magistrate judge has recounted Davis's history and recommended that the instant petition be dismissed as an abuse of the writ and that sanctions be imposed upon Davis. In his objections, Davis continues to burden the Court with specious arguments, such as a claim that he did not actually file a direct appeal, and unrelated matters regarding the application of the PLRA. The Court concludes that a monetary sanction is warranted.

Therefore, the findings, conclusions, and recommendation of the magistrate judge that this action must be dismissed as an abuse of the writ of habeas corpus and that sanctions imposed is ADOPTED.[2]

Petitioner Michael Anthony Davis's petition for writ of habeas corpus under 28 U.S.C. § 2241 in this action is DISMISSED as an abuse of the writ of habeas corpus. Michael Anthony Davis, BOP No. 33896-177, is ORDERED to pay a monetary sanction of **$250** to the clerk of this Court. If Davis attempts to file in this Court any pleadings challenging a conviction or sentence without providing

---

[2] A district court may raise the issue of repetitive frivolous claims or abuse of the writ *sua sponte*. *See Rodriguez v. Johnson,* 104 F.3d 694, 697 N.1 (5th Cir.), *cert. den'd,* 520 U.S. 1267 1997); *see generally Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999)(recognizing authority of district courts to raise non-jurisdictional affirmative defenses *sua sponte* in habeas cases--including abuse of the writ)(citing *Rodriguez,* and *McQueen V. Whitley,* 989 F.2d 184, 185 (5th Cir. 1993)(abuse of the writ).

proof of payment of the monetary sanction, the clerk will docket such papers or pleadings for administrative purposes only.  Any submissions that do not show proof that the sanction has been paid may be summarily reviewed and closed under authority of this order.

    SIGNED March 5, 2014.

                                                _____
                                                TERRY R. MEANS
                                                UNITED STATES DISTRICT JUDGE